```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

KIMBERLY DAWN SCOTT,            :    NO. 1:08-CV-00625
INDIVIDUALLY AND AS LEGAL       :
GUARDIAN OF THE ESTATE OF       :
CHANEY NICOLE SCOTT, A MINOR,   :
et al.,                         :
                                :    **OPINION AND ORDER**
        Plaintiffs,             :
                                :
    v.                          :
                                :
SONA U.S.A., et al.             :
                                :
        Defendants.             :


This matter is before the Court on Defendant Polaris Capital LLC's ("Polaris") Motion to Vacate Order on Motion for Default Judgment (doc. 24), Plaintiffs' Response in Opposition (doc. 32), and Defendant's Reply (doc. 35). Also pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 25); as well as Defendant Polaris' Motion to Vacate March 31, 2009 Damages Hearing (doc. 37), and Plaintiffs' Response (doc. 38). For the reasons indicated herein, the Court GRANTS all of these pending motions.

**I. Plaintiffs' Motion for Leave to Amend their Complaint**

The Court first addresses Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 25). The Court notes that Plaintiffs simply seek to name recently identified vendors who are believed to have sold the toy, a "Zoomcopter" that allegedly blinded Chaney Scott in her right eye. The United States Supreme

Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982)). Therefore, taking into consideration the liberal standard of Fed. R. Civ. P. 15, the Court finds Plaintiffs should be granted leave to file their Amended Complaint. The Court finds no undue prejudice accrues to Defendants by the clarification of the identities of the vendors.

**II. Defendant Polaris' Motion to Vacate Default Judgment**

Defendant Polaris moves the Court pursuant to Fed. R. Civ. P. 60 to vacate its January 8, 2009 Order granting Plaintiffs' Motion for Default Judgment and setting this matter for a hearing on damages on March 31, 2009 (doc. 24). Defendant indicates it has a meritorious defense and its failure to answer Plaintiffs' Complaint was due to excusable neglect (Id.). Plaintiffs oppose Defendant's motion, arguing it has failed to prove excusable neglect for its failure to enter an appearance or defend itself by "clear and convincing" evidence (Id. citing Info-Hold, Inc. v. Sound Mark, Inc., 538 F.3d 448 (6th Cir. 2008)).

Having reviewed this matter, the Court finds Plaintiffs' position well-taken that Defendant has not proved excusable neglect

2

by clear and convincing evidence. However, the Court further finds relief from its previous Order justified based on the new procedural posture of this case that renders prospective application of its default judgment inequitable. Fed. R. Civ. P. 60(b)(5). Plaintiffs sought and were granted leave to amend their Complaint to name vendors of the allegedly dangerous toy at issue in this case. Judicial economy would be hampered in this instance by splitting this case up into a damages phase for one defendant, while allowing for discovery and a trial on the merits as to the remaining defendants. Defendant Polaris has now responded to the Complaint, and it is clearly now poised to respond to the Amended Complaint and litigate this action to resolution. Under these circumstances, the Court finds it in the interests of justice to grant Defendant Polaris' motion to vacate the default judgment entered against it, and to allow this case to proceed against all Defendants on the same track. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983)(citing Tozer v. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)("Any doubt should be resolved in favor of the petition to set aside the judgment so that case may be decided on the merits.").

**III. Polaris' Motion to Vacate March 31, 2009 Hearing**

As the Court has vacated its Order granting default judgment against Polaris, there is currently no need to hold the hearing on damages set for March 31, 2009. As such, the Court

further grants Defendant's Motion to vacate such hearing.

**IV. Conclusion**

For the reasons indicated herein, the Court GRANTS Defendant Polaris Capital LLC's Motion to Vacate Order on Motion for Default Judgment (doc. 24), GRANTS Defendant Polaris' Motion to Vacate March 31, 2009 Damages Hearing (doc. 37), and VACATES its January 18, 2009 Order (doc. 18) in its entirety. The Court further GRANTS Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 25), and DIRECTS Plaintiffs to refile electronically on the Court's docket their First Amended Complaint.

SO ORDERED.

Dated: March 25, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge