```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

KIMBERLY DAWN SCOTT, et al.,    :
                                :
    Plaintiffs,                 :    NO. 1:08-CV-00625
                                :
    vs.                         :
                                :    **OPINION AND ORDER**
SONA U.S.A., et al.,            :
                                :
    Defendants.                 :

This matter is before the Court on Defendants' Motion to Dismiss (doc. 103), Plaintiffs' Response (doc. 110), and Defendants' Reply (doc. 117). For the reasons indicated herein, the Court GRANTS Defendant's motion, without prejudice to refiling.

**I. Background**

This is a products liability action in which Plaintiffs allege a dangerous toy, a "Zoomcopter," blinded 3-year old Chaney Scott in her right eye (doc. 72). Although the original complaint in this matter pleaded both diversity and federal subject matter jurisdiction (doc. 1), diversity jurisdiction was destroyed when it was determined in discovery that a number of the Defendants, like Plaintiffs, are Ohio residents. In Plaintiffs' Second Amended Complaint, therefore, Plaintiffs premise jurisdiction solely on the basis of federal subject matter (doc. 72). Specifically, Plaintiffs claim that the Federal Consumer Product Safety Act, 15 U.S.C. § 2071, ("CPSA") confers a private right of action for any person injured by a product in violation of "a Consumer Product

Safety Rule, Regulation, or Statute" (Id.). In this case, Plaintiffs contend, Defendants' Zoomcopter is banned by 16 C.F.R. § 1500.18, and moreover, Defendants' actions in this matter constitute violations of 16 C.F.R. 1115.20 and 1115.18 (doc. 110).

Defendants' instant motion to dismiss challenges Plaintiffs' contention that the CPSA creates a private right of action in this case (doc. 103). Defendants further argue as Plaintiff's CPSA claims fail, the Court should not exercise supplemental jurisdiction over Plaintiffs' remaining personal injury claims (Id.). Plaintiffs have responded (doc. 110), and Defendants have replied (doc. 117), such that this matter is ripe for the Court's consideration.

**II. The Applicable Standard**

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, one of two standards may apply, depending on the nature of the defendant's challenge. Golden v. Gorno Bros., 410 F.3d 879 (6th Cir. 2005). If the challenge is directed to the factual basis for jurisdiction, the court must weigh the evidence presented, and the plaintiff bears the burden of proving that a basis for subject matter jurisdiction exists. DLX, Inc. v. Kentucky, 381 F.3d 511 (6th Cir. 2004). However, if the defendant challenges the court's subject matter jurisdiction "on its face," the court must, in effect, resolve the motion on the same standard as a Rule 12(b)(6) motion, treating all

2

of the facts alleged in the complaint as true. See id.; RMI Titanium Corp. V. Westinghouse Elec. Corp., 78 F.3d 1125 (6th Cir. 1996); accord Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884 (3d Cir.1977). In this case, the Court views Defendant's challenge as a facial attack on the Court's subject matter jurisdiction, and therefore the Court will take all well-pleaded allegations in Plaintiffs' Complaint as true.

**III. Discussion**

Defendants have cited 6th Circuit authority for the proposition that the CPSA does not create a private right of action in this matter, and the Court agrees. Contrary to the language Plaintiffs used in their Complaint, the CPSA does not create a private cause of action for the violation of any regulation, but rather, it more narrowly creates a cause of action when a party violates a consumer product safety rule, or rule or order, of the Consumer Products Safety Commission ("CPSC") promulgated under the CPSA. 15 U.S.C. 2072(a), 15 U.S.C. 2052(a)(6). As such, the Court finds well-taken Defendants' position that there is no private right of action under the CPSA absent a specific rule or order promulgated by the CPSC under the CPSA.

Plaintiffs further allege violations of 16 C.F.R. 1115.20 and 1115.18. However, the Sixth Circuit has held that violations of 16 C.F.R. § 1115 do not allow for a private cause of action. Daniels v. American Honda Motor Co., 1992 U.S. App. LEXIS 32592 at

3

*11-12 (6th Cir. Dec. 7, 1992).  This Court is bound by such precedent, and cannot rely on Payne v. A.O. Smith Corp., 578 F.Supp. 733 (S.D. Ohio 1983), as Plaintiffs request, because Payne is a district court decision which is trumped by the appeals court's decision in Daniels.

Defendants further argue that Plaintiffs improperly invoke 16 C.F.R. § 1500.18 as a basis for their cause of action, when such section is promulgated under the Federal Hazard Substances Act ("FHSA"), and not the CPSA (doc. 117).  In any event, contend the Defendants, the FHSA does not contain a private cause of action (Id. citing Mason v. The Home Depot, 2006 U.S. Dist. LEXIS 97894 at *2-3 (N.D. Ga., January 5, 2006), Milanese v. Rust-Oleum Corp., 244 F.3d 104 (2d Cir. 2001)).  The Court agrees with Defendants' analysis.

Finally, Defendants contend that should the Court dismiss Plaintiffs' CPSA claims, the Court has no supplemental jurisdiction over the state law claims (doc. 117, citing Musson Theatrical, Inc. V. Fed. Express Corp., 89 F.3d 1244 (6th Cir. 1996)).  The Court finds such position well-taken and declines to exercise jurisdiction over Plaintiffs' state law claims.

**IV. Conclusion**

The Court finds well-taken Defendants' contention that the Court lacks subject-matter jurisdiction over this matter, as the Consumer Product Safety Act does not create a private cause of

4

action applicable to Plaintiffs in this case.  Fed. R. Civ. P. 12(b)(1), 15 U.S.C. § 2072(a).  The Court further declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims.  Musson Theatrical, Inc., 89 F. 3d. 1244.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss (doc. 103) without prejudice to Plaintiffs refiling in state court, and dismisses this matter from the Court's docket.  As the Court lacks jurisdiction, there is no need for it to reach the various remaining pending motions on the docket, which the Court DISMISSES as moot.  Finally, the Court VACATES the trial and final pretrial conference dates in this matter (doc. 100).

SO ORDERED.

Dated:     January 25, 2011     /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge